UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TIMOTHY LANDWEHR *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 09-0716 (RMU) |
| | : | |
| v. | : | Re Document No.: 56 |
| | : | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for IndyMac Bank, F.S.B. and IndyMac Federal Bank, F.S.B., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

DENYING THE PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT IMMEDIATE, EXPEDITED
DISCOVERY TO IDENTIFY THE "DOE" DEFENDANTS AND TO EXTEND THE TIME FOR SERVICE
ON THOSE DEFENDANTS; DISMISSING WITHOUT PREJUDICE THE PLAINTIFFS'
CLAIMS AGAINST THE "DOE" DEFENDANTS

### I. INTRODUCTION

This matter is before the court on the plaintiffs' motion for leave to conduct immediate, expedited discovery to identify the "Doe" defendants and to extend the time for service of those defendants. For the reasons discussed below, the court denies the plaintiffs' motion and dismisses without prejudice the claims against the "Doe" defendants.

### II. FACTUAL & PROCEDURAL BACKGROUND

The plaintiffs are former employees of IndyMac Bank, F.S.B. ("IMB"), IndyMac Federal Bank, F.S.B. ("IMFB") and IndyMac Resources, Inc. ("IMR"). *See* 3d Am. Compl. ¶¶ 3-22. They commenced this action against the Federal Deposit Insurance Corporation ("FDIC"), in its capacity as receiver for IMB and IMFB, and against IMR to recover severance, deferred compensation and bonus payments to which they were allegedly entitled, and to prevent the

defendants from taking any actions to seek the repayment of "retention loans" extended to the plaintiffs during their employment. *See generally id.*

In addition to naming the FDIC and IMR as defendants in this case, the complaint names as defendants "DOES 1-50," representing certain individuals whose true names and capacities are unknown to the plaintiffs. *See id.* ¶ 26. As set forth in the complaint, the plaintiffs "allege that each of the fictitiously-named [Doe] Defendants is responsible in some manner for the occurrences herein alleged, and that the damages of the Plaintiffs and the putative class members herein alleged were proximately caused by such Defendants." *Id.*

In April 2010, the plaintiffs filed this motion for leave to conduct immediate, expedited discovery to identify the "Doe" defendants and to extend the time for service of the "Doe" defendants. *See generally* Pls.' Mot. The plaintiffs assert that they require immediate discovery to identify the "Doe" defendants and request 120 days following the granting of the motion to effect service on these defendants. *Id.* at 1-6. In the alternative, the plaintiffs request that if their request for expedited discovery is denied, the court extend the deadline for serving the "Doe" defendants to at least 120 days after the commencement of discovery. *Id.* at 7-8.

The FDIC opposes the plaintiffs' motion.[1] *See generally* FDIC's Opp'n. It asserts that because the plaintiffs failed to move for an extension of time to serve the "Doe" defendants until after the 120-day period for service had expired, their motion must be scrutinized under a heightened standard. *Id.* at 3-4. Furthermore, the FDIC argues that the plaintiffs' motion should be denied because they failed to use reasonable diligence in attempting to identify the "Doe" defendants. *Id.* at 4-7. Finally, the FDIC contends that the plaintiffs are not entitled to conduct

---

[1] IMR has not submitted a response to the plaintiffs' motion.

expedited discovery because they have not shown good cause and have not reasonably limited their request.[2]  *Id.* at 8-9.

With the plaintiffs' motion now ripe for adjudication, the court first considers the plaintiffs' request for expedited discovery, and then turns to the plaintiffs' alternative request for leave to serve the "Doe" defendants up to 120 days after discovery commences.

### III.  ANALYSIS

#### A.  The Court Denies the Plaintiffs' Request for Expedited Discovery

 "As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."  *Chung v. U.S. Dep't of Justice*, 2001 WL 34360430, at *7 (D.D.C. Sept. 20, 2001), *rev'd in part on other grounds*, 333 F.3d 273 (D.C. Cir. 2003); *accord Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

The Federal Rules of Civil Procedure do not provide a standard to govern requests for expedited discovery.  *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 142 (D.D.C. 2005); *see also* FED. R. CIV. P. 26.  Courts have, however, developed "two common judicial approaches" to assessing requests for expedited discovery.  *Humane Soc'y of U.S. v. Amazon.com, Inc.*, 2007 WL 1297170, at *2 (D.D.C. May 1, 2007) (citing *In re Fannie Mae,* 227 F.R.D. at 142-43); *accord Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 4-5 (D.D.C. 2006).

---

[2]   The FDIC further asserts that the plaintiffs' motion for expedited discovery should be stayed until the court has ruled on the FDIC's pending motion to dismiss.   FDIC's Opp'n at 9.

The first approach, sometimes referred to as the *Notaro* approach, requires that the party seeking expedited discovery demonstrate "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *In re Fannie Mae*, 227 F.R.D. at 142 (quoting *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)).

The second, more liberal approach directs the court "to decide the motion based on the 'reasonableness of the request in light of all of the surrounding circumstances.'" *Id.* (quoting *Entm't Tech. Corp. v. Walt Disney Imagineering*, 2003 WL 22519440, at *3 (E.D. Pa. Oct. 2, 2003)); *accord Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623-24 (N.D. Ill. 2000). Factors to be considered under this "reasonableness" test may include "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *In re Fannie Mae*, 227 F.R.D. at 142-43; *accord Disability Rights Council*, 234 F.R.D. at 4-5.

Here, the plaintiffs have failed to identify any irreparable injury they will suffer absent expedited discovery and do not address their likelihood of success on the merits. *See generally* Pls.' Mot.; Pls.' Reply. Accordingly, they clearly have not satisfied the *Notaro* test.

Nor have the plaintiffs demonstrated the "reasonableness" of their request so as to justify expedited discovery under that approach. The plaintiffs are not seeking a preliminary injunction. *See generally* Pls.' Mot.; Pls.' Reply. Moreover, there is no indication that this expedited discovery would be narrowly tailored, as it was in the cases relied on by the plaintiffs. *See, e.g.*,

*Warner Bros. Records, Inc. v. Does 1-6*, 527 F. Supp. 2d 1, 2-3 (D.D.C. 2007) (granting the plaintiff expedited discovery to identify the individuals associated with certain specified unique Internet Protocol addresses). To the contrary, given the extraordinary vagueness of the plaintiffs' allegations against the "Doe" defendants, *see* 3d Am. Compl. ¶ 26 (alleging that the "Doe" defendants are individuals responsible "in some manner" for the occurrences described in the complaint), and the correspondingly undefined pool of potential targets, *see* Pls.' Mot. at 4 (suggesting that the "Doe" defendants could include "directors and officers, attorneys, or other agents of IndyMac Bank, IndyMac Federal Bank, and/or IndyMac Resources"), there is a significant likelihood that the scope of the expedited discovery sought by the plaintiffs will be quite broad and highly burdensome to the defendants, *see id.* at 7 (advising the court that the plaintiffs seek leave to "serve discovery and receive responses; meet-and-confer regarding any deficient responses and file any resulting discovery motions; coordinate depositions of former high-level executives (with, presumably, very busy schedules) living in different parts of the country; and, then, after identifying the appropriate Doe Defendants, locate and serve the Does"). Finally, the court notes that this motion comes well in advance of typical discovery, having been filed shortly after briefing concluded on the FDIC's pending motion to dismiss. *See generally* Pls.' Mot.

Accordingly, the court concludes that under either the *Notaro* approach or the reasonableness test, the plaintiffs are not entitled to expedited discovery. Thus, the court denies the plaintiffs' motion for leave to conduct expedited discovery.

**B. The Court Denies the Plaintiffs' Request to Extend the Deadline for Serving the "Doe" Defendants and Dismisses the Claims Against Those Defendants Without Prejudice**

Federal Rule of Civil Procedure 4(m) provides that

5

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

The plaintiffs contend that good cause for an extension exists here because they have not had an opportunity to conduct the discovery necessary to identify the "Doe" defendants.[3] Pls.' Mot. at 3-7. Yet granting this extension would permit the plaintiffs to maintain their claims against the "Doe" defendants, despite the complete absence of any specific allegations against these unnamed defendants. *See* 3d Am. Compl. ¶ 26. Indeed, as one Circuit has explained, "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (holding that "dismissal was proper as to 'various other John Does to be named when identified'"); *see also W.W. Taylor v. Fed. Home Loan Bank Bd.*, 661 F. Supp. 1341, 1350 (N.D. Tex. 1986) (holding that the court lacked personal jurisdiction over the claims against "Doe" defendants for whom "[n]o allegations [were] made as to their residence or as to any specific acts performed by any of them against the plaintiffs"); *cf. Gillespie*, 629 F.2d at 643 (concluding that the district court should have permitted the plaintiffs to maintain their suit against the "John Doe" defendants because "[i]t was very likely that the answers to the interrogatories would have disclosed the identities of the [those] defendants"). Put differently, the plaintiffs' failure to identify and serve

---

[3] The plaintiffs contend that the 120-day period did not begin to run until January 13, 2010, the date on which they filed their most recent amended complaint, *see* Pls.' Mot. at 4; Pls.' Reply at 3-5, while the FDIC argues that the 120-day period began to run on July 17, 2009, the date the plaintiffs first filed a complaint naming "Doe" defendants, *see* Defs.' Opp'n at 3. Yet, as the plaintiffs acknowledge, even if the court were to adopt the January 13, 2010 date, the 120-day period for service would have expired on May 13, 2010. *See* Pls.' Mot. at 2.

the "Doe" defendants did not result primarily from the absence of discovery, but instead, from the absence of any specific allegations of wrongdoing by any such individuals.

Under these circumstances, the proper course is not for the plaintiffs to maintain their placeholder claims against these unknown individuals, but rather, to obtain discovery from the identified defendants and, if necessary, seek leave to amend their complaint to join additional defendants.[4] *See Estate of Rosenberg*, 56 F.3d at 37 (observing that "[i]f discovery identifies other persons who should be named as defendants, it will be simple enough for plaintiff to add them by amendment, after properly securing leave of court"). Accordingly, the court concludes that the plaintiffs have not demonstrated "good cause" for an extension of their service deadline, denies their request for an extension of time to serve the "Doe" defendants and, pursuant to Rule 4(m), dismisses without prejudice their claims against these unnamed defendants. *See* FED. R. CIV. P. 4(m).

### IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiffs' motion for leave to conduct immediate, expedited discovery to identify the "Doe" defendants and to extend the time for service of the "Doe" defendants and dismisses without prejudice the claims against those defendants. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 28th day of June, 2010.

RICARDO M. URBINA
United States District Judge

---

[4] The plaintiffs acknowledge that once they uncover the identities of the "Doe" defendants, it will be necessary for them to amend the operative complaint to name these new defendants. *See* 3d Am. Compl. ¶ 26. The court will set deadlines for the filing of motions to amend the pleadings and/or join parties at the initial status hearing, following the parties' submission of a joint report pursuant to Local Civil Rule 16.3.

7